**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRAETORIAN INSURANCE CO., | No.   17-15303 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-02639-MCE-EFB |
| v. | |
| MARSHAUN TATE; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| A R BUSINESS GROUP, INC., DBA U.S. Tire & Wheel; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted June 15, 2018
San Francisco, California

Before:  MURPHY,[**] PAEZ, and IKUTA, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Praetorian Insurance Co. ("Praetorian") brought a declaratory judgment action against Marshaun Tate; S.T., through his guardian ad litem, Kenneth Tate; Eliseo Quintero; and Aida Quintero (collectively "Tate"). Tate purchased used tires from U.S. Tire & Wheel ("USTW"); USTW installed those tires on Tate's vehicle. One of the tires failed and Tate's vehicle overturned, resulting in the deaths of two passengers and serious injuries to Marshaun Tate and S.T. When Tate sued USTW in California state court, USTW tendered its defense and indemnity to Praetorian, its insurer. In response, Praetorian brought this action in federal court, claiming the Used Tire Exclusion (the "Exclusion") in its garage operations policy with USTW precluded coverage. The district court granted summary judgment in favor of Praetorian. Tate appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

To validly exclude coverage, insurers must satisfy two "rigid drafting rules": they must conspicuously place the exclusionary language and "the language itself must be plain and clear." *Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 390 (Cal. 2004). Whether an exclusion meets these requirements "is a question of law" for the court. *Alterra Excess & Surplus Ins. Co. v. Snyder*, 184 Cal. Rptr. 3d 831, 840 (Cal. Ct. App. 2015) (quoting *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.,* 326 P.3d 253, 259 (Cal. 2014)). The district court correctly determined the Exclusion is plain and conspicuous.

Relying on *Haynes*, Tate argues the Exclusion is not conspicuous. The endorsement containing the Exclusion bears no meaningful resemblance to the endorsement at issue in *Haynes*. The first page of the policy specifically notes that all endorsements are part of one complete policy. The next page contains both an alphanumeric and textual description of the relevant endorsement. The textual description is: "**USED TIRES AND RECAPPED TIRES EXCLUSION ENDORSEMENT**." The Exclusion is set out as a single-page document. At the top of that page, the policy states: "**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**." The next line repeats, in all capital and bold letters, the nature of the Exclusion. The nature of the exclusion is again repeated, in all capital and bold letters just above the body of the Exclusion. Finally, the Exclusion specifically states it "shall apply to any continuation, reinstatement, renewal or replacement of the above mentioned policy." Thus, the identification and placement of the Exclusion does not suffer from any of the flaws identified in *Haynes*. To the extent Tate asserts Praetorian was under a special burden to personally apprise USTW's principals about the Exclusion because it knew USTW sold used tires, the argument fails for the reason pointed out by the district court: it is not supported by citation of

3

meaningfully relevant precedent. *Haynes* makes clear that enforceability is resolved under an objective legal standard.

The Exclusion is also sufficiently plain and clear. It excludes coverage for bodily injury arising out of the failure of any tire that was not new when sold or installed. The term "arising out of" has a well-defined meaning in California law. *Jon Davler, Inc. v. Arch Ins. Co.*, 178 Cal. Rptr. 3d 502, 509-11 (Cal. Ct. App. 2014). The exclusion withdraws coverage whenever a used tire sold or installed by USTW fails and the failure is causally related to bodily injury. *See id.* Any lay reader would understand the import of this description. *See Haynes*, 89 P.3d at 390.

Although the district court correctly ruled that the Exclusion is enforceable, it erred in concluding Praetorian is entitled to a declaratory judgment in its favor on the duty to defend. Controlling precedent in California makes it difficult for an insurer to obtain a declaration that it does not have a duty to defend an insured. *See generally Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157–64 (Cal. 1993). Under this onerous standard, summary judgment in favor of Praetorian is only proper if the record before the district court conclusively establishes that Tate's state-court claims against USTW cannot fall within the terms of the garage operations policy. *Id.* at 1161. If there is any doubt as to whether the facts

4

so establish, Tate is entitled to summary judgment on the question of Praetorian's duty to defend USTW. *Id.* at 1160 (holding that a "bare 'potential' or 'possibility' of coverage" will trigger the duty to defend).

Dennis Carlson, a mechanical engineer with a particular expertise in tires, offered an expert opinion as to the cause of the "[tire] failure and/or rollover" accident. Carlson opined that USTW committed several errors in selling and installing the tires at issue here: (1) placing the newest tires on the front axle of Tate's Explorer; (2) selling tires, without regard to whether used or unused, that were older than six years from manufacture; (3) installing the wrong size tires on the Explorer; and (4) installing the wrong type (all-season instead of all-terrain) of tires on the Explorer. Carlson concluded as follows:

> The actions by USTW . . . were improper and did not follow industry recommendations independent of whether the tires installed on Mr. Tate's vehicle were used or unused at the time of sale. Additionally, the installation of the wrong type and size tires on Mr. Tate's Explorer was improper and could have equally contributed to the failure and/or rollover event regardless of whether the tires were used or unused at the time of sale.

When he was cross-examined by Praetorian's attorney during his deposition, Carlson reiterated that two of the alleged negligent acts on the part of USTW particularly contributed to the failure of the tire and two particularly contributed to the rollover of the Explorer. Thus, reading the summary

5

judgment record in the manner most favorable to Tate, the nonmoving party, Carlson's testimony supports the notion that the Explorer overturned not necessarily because of the tire failure, but because improper all-season tires (i.e., tires of an improper type and size) were installed on the Explorer and the older tires were placed on the rear axle. These two allegedly negligent acts do not relate to the used nature of the tires supplied to Tate by USTW, or indeed, to tire failure at all.[1] Instead, based on Carlson's testimony, a reasonable jury could conclude, among a spectrum of possible findings, that the Explorer would have overturned at highway speeds even absent a tire failure or would not have overturned, even upon the failure of a rear tire, if that tire had been the proper type, proper size, or had been properly placed. Under the standard set forth in *Montrose Chemical Corp.*, Tate has carried his burden of demonstrating at least a bare possibility that some aspects of the state-court negligence claims against USTW will fall within the garage operations coverage of the policy and will not be excluded by the Exclusion. This is especially true given California law regarding concurrent causation in the context of insurance coverage and exclusions. *See, e.g., State Farm*

---

[1]To be clear, Praetorian does not claim the negligent acts alleged in Tate's state-court actions against USTW would not fall within the parameters of the garage operations policy it issued to USTW if the tires at issue were new.

*Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 130–31 & 130 n.11 (Cal. 1973).

Because Praetorian failed to conclusively demonstrate that Tate's claims cannot fall within the terms of its garage operations policy with USTW, the district court erred in granting declaratory judgment in Praetorian's favor.  Instead, the district court should have granted summary judgment in favor of Tate on the question of Praetorian's duty to defend USTW.

**REVERSED and REMANDED**.